**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

PHILLIP ANTOINE WOMACK,         )
                                )
           Petitioner,          )
                                )
     v.                         )    1:12CV1267
                                )
REUBEN F. YOUNG,                )
                                )
           Respondent.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On March 2, 2010, in the Superior Court of Guilford County, a jury found Petitioner guilty of felony possession of a Schedule I controlled substance (methylenedioxymethamphetamine, i.e., "MDMA" or "ecstasy") and attaining habitual felon status in cases 08 CRS 24568 and 88221. (Docket Entry 6, Ex. 2 at 27-28; see also Docket Entry 2, ¶¶ 1, 2, 4-6.)[1] He received a consolidated sentence of 107 to 138 months in prison. (Docket Entry 6, Ex. 2 at 31-32; see also Docket Entry 2, ¶ 3.) Petitioner appealed (Docket Entry 2, ¶ 8; see also Docket Entry 6, Ex. 2 at 33-35, 39-40)[2] and the North Carolina Court of Appeals affirmed his convictions in an

---

[1] For attachments to Respondent's memorandum in support of his motion for summary judgment, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[2] The appellate record indicates that, after preparation of the initial Appellate Entries form, the court reporter could not find oral notice of appeal in the trial court proceedings and Petitioner apparently did not file a written notice of appeal. (Docket Entry 6, Ex. 2 at 4.) Thus, Petitioner sought review in the North Carolina Court of Appeals via a writ of certiorari. (Id.) By order dated August 24, 2010, the Court of Appeals granted Petitioner's request to review the case via certiorari. (Docket Entry 6, Ex. 1; Ex. 2 at 4.)

unpublished opinion on April 19, 2011 (Docket Entry 6, Ex. 1). Petitioner did not pursue his direct appeal any further. (Docket Entry 2, ¶ 9.)

Petitioner then filed a pro se motion for appropriate relief ("MAR") with the state trial court, which he dated as signed on March 13, 2012 (Docket Entry 6, Ex. 5 at 10, 11), and which the trial court accepted as filed on March 20, 2012 (Docket Entry 6, Ex. 6 at 2 (indicating date filed); see also Docket Entry 2, ¶ 9(g)). The trial court denied the MAR by order dated and filed June 26, 2012. (Docket Entry 6, Ex. 6; see also Docket Entry 2, ¶ 9(g).) Petitioner thereafter filed a pro se certiorari petition with the North Carolina Court of Appeals (Docket Entry 6, Ex. 7), which he dated as submitted on July 3, 2012 (id. at 5), and which that court received as filed on July 9, 2012 (id. at 2). The Court of Appeals denied that petition on July 24, 2012. (Docket Entry 6, Ex. 9.)

Petitioner then submitted his Petition in this Court (Docket Entry 2), which he dated as mailed on November 26, 2012 (id. at 14), and which the Court received as filed on November 27, 2012 (id. at 1).[3] Respondent moved for summary judgment primarily on statute of limitation grounds (Docket Entry 5) and Petitioner responded in opposition (Docket Entry 8).

---

[3] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

## Petitioner's Claims

Petitioner raises four claims for relief in his Petition: (1) illegal search and seizure by law enforcement in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (2) cruel, unusual and grossly disproportionate punishment in violation of the Eighth and Fourteenth Amendments; (3) illegal Terry search by law enforcement in violation of the Fourth and Fourteenth Amendments; and (4) illegal Terry search by law enforcement in violation of his constitutional rights. (Docket Entry 2 at 5, 6-7, 8, 10.)

## Discussion

Respondent moves for dismissal of the Petition on the grounds that the Petition was filed[4] outside of the one-year limitation period. 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.

---

[4] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on March 2, 2010 (Docket Entry 6, Ex. 2 at 31-32), the

-4-

Court of Appeals denied his appeal on April 19, 2011 (Docket Entry 6, Ex. 1), and Petitioner did not appeal his convictions further (Docket Entry 2, ¶ 9). As Respondent has asserted (Docket Entry 6 at 4-5), and Petitioner has failed to contest (see Docket Entry 8), Petitioner's convictions became final on May 24, 2011, 35 days after the Court of Appeals denied Petitioner's appeal. See N.C. R. App. P. 32(b) (providing that, unless court orders otherwise, mandate issues 20 days after written opinion filed); N.C. R. App. P. 14(a) & 15(b) (allowing 15 days after issuance of mandate to file notice of appeal or PDR); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598-601 (M.D.N.C. 2004) (Osteen, Sr., J. adopting recommendation of Eliason, M.J.), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).

The limitations period then ran for 301 days until Petitioner filed his MAR in the state trial court on March 20, 2012.[5] Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that tolling does not apply to time period after case becomes final on direct review and before filing of MAR). The limitations period remained tolled until the North Carolina Court of Appeals denied Petitioner's certiorari petition on July 24, 2012. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") The

---

[5] Even if the Court treated the MAR's filing date as March 13, 2012, the date Petitioner signed the document (see Docket Entry 6, Ex. 5 at 10, 11), the extra seven days would not affect the timeliness of the Petition.

-5-

limitations period thereafter ran for 64 more days until it expired on September 26, 2012, two months before Petitioner brought this action under § 2254.

Petitioner does not dispute the foregoing time-line, nor does he advance any reasons why he believes the Court should consider the Petition despite its untimeliness. (See Docket Entry 2, ¶ 18; Docket Entry 8.) In other words, Petitioner has not requested equitable tolling, which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. ___, ____, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added). An independent review of the record failed to reveal any extraordinary circumstance which prevented Petitioner from filing the instant Petition in a timely manner.

In sum, the Petition is untimely.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 2) be **DISMISSED**, and that this action be **DISMISSED**.

                                             /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                   **United States Magistrate Judge**

June 4, 2013